COMMONWEALTH *vs.* GREGORY B. TAYLOR.

Suffolk. December 2, 1975. — April 14, 1976.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, & WILKINS, JJ.

*Practice, Criminal,* Plea, Appeal. *Constitutional Law,* Plea, Due process of law.

The record on several indictments affirmatively showed that pleas of guilty, following a thorough and searching inquiry of the defendant by the judge prior to their acceptance, were understandingly and voluntarily made [143-145]; the circumstances that previously the prosecutor had agreed with the defendant's counsel to recommend to the judge that certain sentences be imposed if guilty pleas were entered, that the agreement induced the defendant to enter the pleas in the reasonable expectation that the recommendations would be substantially followed, and that the prosecutor recommended such sentences but that the judge imposed severer sentences did not lead this court to adopt by decision a formal rule on the subject of plea bargaining, and there was no error in the denial of the defendant's motion to revise or revoke his sentences or, in the alternative, to withdraw his pleas of guilty. [145-146]

INDICTMENTS found and returned in the Superior Court on October 13, 1972, November 15, 1972, December 7, 1972, and September 14, 1973.

The cases and a post-trial motion were heard by *McLaughlin,* C.J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Margaret D. McGaughey* for the defendant.

*Richard I. Clayman,* Assistant District Attorney, for the Commonwealth.

QUIRICO, J. The defendant entered pleas of guilty to several indictments against him in the Superior Court, and was sentenced to terms of imprisonment to be served concurrently at the Massachusetts Correctional Institution at

Commonwealth *v.* Taylor.

Walpole. Thereafter, he filed a motion to revise or revoke the sentences or, in the alternative, to withdraw his pleas of guilty (see G. L. c. 278, § 29C), which motion was denied by the judge who had sentenced him. The case is before us on the defendant's bill of exceptions, his sole exception being to the denial of his motion.[1] There was no error.

We summarize the relevant facts. The defendant was charged with various offenses in eleven separate indictments.[2] On October 8, 1974, the defendant's counsel[3] conferred with the prosecutor assigned to try the cases against the defendant in an effort to reach an agreement as to the sentence the prosecutor would recommend to the judge if the defendant entered pleas of guilty to the indictments. After the conference, the prosecutor agreed to make recommendations to the judge for the disposition of the charges in a manner resulting in an aggregate sentence to total not more than two years in the Billerica house of correction.

The defendant was informed of the agreement by his counsel, and he thereafter pleaded guilty to all of the indictments. It is alleged in the defendant's bill of exceptions, and apparently not disputed by the Commonwealth, that "[t]he agreement was the substantial inducement of the pleas, in that the defendant, on advice of counsel, had a

---

[1] The defendant's bill of exceptions was originally entered in the Appeals Court and was thereafter removed by us to this court for direct appellate review. G. L. c. 211A, § 10 (A), inserted by St. 1972, c. 740, § 1.

[2] The indictments charged the defendant with negligent operation of a motor vehicle (No. 69624); speeding (No. 69625); unlicensed operation of a motor vehicle (No. 69626); use of a motor vehicle without authority (No. 69627); attempted larceny of a motor vehicle (No. 69628); possession of burglarious instruments (No. 69629); use of a motor vehicle without authority (No. 70177); malicious injury (No. 70178); possession of burglarious instruments (No. 70179); receiving a stolen vehicle (No. 77127); attempted larceny of motor vehicle parts (No. 77128).

[3] The defendant was represented by counsel from the Massachusetts Defenders Committee with respect to two of the indictments (Nos. 77127 and 77128) and by private counsel with respect to the remainder of the indictments.

reasonable expectation that the recommendations would either be accepted by the court or that the sentences imposed would in any event not materially differ from the recommendations."

On pleading guilty the defendant was questioned extensively by the judge. The matters into which the judge inquired are discussed *infra*. When this inquiry had been completed, the judge accepted the pleas except as to several indictments not involved in the issue presented herein. The prosecutor then recommended to the judge, as agreed, a two-year aggregate sentence in the Billerica house of correction. The judge declined to follow this recommendation, however, and instead sentenced the defendant to two terms of five to ten years and several shorter terms, all to be served concurrently in the Massachusetts Correctional Institution at Walpole, to be followed by a sentence of two years in a house of correction from and after the Walpole sentence, the two-year sentence being suspended and the defendant being placed on probation for two years.

In reviewing the propriety of a judge's acceptance of guilty pleas offered by a defendant, we employ the test formulated by the Supreme Court of the United States in *Boykin* v. *Alabama*, 395 U.S. 238 (1969). The *Boykin* case held, as we recently noted in *Commonwealth* v. *Foster*, 368 Mass. 100, 102 (1975), "that, as a matter of constitutional due process, a guilty plea should not be accepted, and if accepted must be later set aside, unless the record shows affirmatively that the defendant entered the plea freely and understandingly." See *Commonwealth* v. *Morrow*, 363 Mass. 601, 603 (1973).

The transcript in this case,[4] pertinent portions of which

---

[4] The case being before us on the defendant's bill of exceptions, we ordinarily would not go beyond the matters contained in such bill in our consideration of the case. However, the bill in this case is obviously incomplete with respect to matters which we deem indispensable to a proper consideration of the case. We have therefore examined the transcript of the proceedings wherein the defendant pleaded guilty, which transcript was not made a part of the defendant's bill of exceptions but was furnished to us at our request after oral argument. We consider this transcript, along with the bill, as comprising the record before us in this case.

Commonwealth *v.* Taylor.

are reproduced in the margin,[5] discloses a thorough and searching inquiry directed to the defendant by the judge prior to acceptance of the pleas. This inquiry included several questions designed to determine, inter alia, (a) the factual basis for the defendant's pleas, (b) whether the pleas were voluntary, and (c) whether the defendant understood fully the constitutional rights which he waived by pleading guilty, the nature of the crimes charged, the maximum sentences which could be imposed, and the fact

---

[5] The proceedings wherein the defendant entered his pleas of guilty, included a dialogue, reproduced in pertinent part, consisting of the following questions by the judge and answers by the defendant relative to the issue whether the defendant's pleas were offered voluntarily and with understanding:

Q. "How old are you?"
A. "Twenty-four."
Q. "How far did you go in school?"
A. "Finished the ninth grade."
Q. "Do you have any trouble reading or understanding English?"
A. "No, sir."
Q. "Have you ever been treated for a mental condition?"
A. "No, sir."
Q. "Are you addicted to drugs of any kind?"
A. "No, sir."
Q. "You heard the indictments read specifying the crimes with which you are charged. Do you understand the nature of what those crimes are?"
A. "Yes, sir."
Q. "Are you in fact guilty of the crimes charged in these indictments?"
A. "Yes, sir."
Q. "Do you understand that by pleading guilty you admit the essential elements of the crime to be true and to have been committed by you?"
A. "Yes, sir."
. . . .
Q. "[A]re you pleading guilty willingly, freely and voluntarily to the indictments on which I have questioned you?"
A. "Yes, sir."
Q. "Do you understand that you have a right to a trial by jury if you want it?"
A. "Yes, sir."
Q. "You have a right. to make the Commonwealth prove its case against you by presenting witnesses."
A. "Yes."
Q. "And you understand the maximum penalt[ies] for these offenses are as follows: . . . . [Here the judge stated the maximum penalty for each of the crimes charged against the defendant.]

Commonwealth *v.* Taylor.

that the judge was not bound by any recommendation made by the prosecution as to the sentences to be imposed. The transcript further discloses that all of the questions propounded by the judge were answered by the defendant in words consistent with understanding and voluntariness. We conclude that the record in this case was sufficient to satisfy the requirement in the *Boykin* case of an affirmative showing of understanding and voluntariness. *Commonwealth* v. *Morrow*, 363 Mass. 601, 603 (1973).

The defendant urges, however, that we break new ground

"And you understand that in pleading guilty, you leave it entirely up to the Court to impose whatever penalty the Court thinks is proper?"
A. "Yes, sir."
Q. "Any promises been made which induced you to plead guilty?"
A. "No, sir."
Q. "Has your lawyer told you what the District Attorney would recommend for a sentence if you plead guilty?"
A. "Yes, sir."
Q. "Do you understand that I am not bound by that recommendation?"
A. "Yes, sir."
Q. "Has anyone forced you to plead guilty?"
A. "No, sir."
Q. "Any threats been made which induced you to plead guilty?"
A. "No, sir."
Q. "Are you represented by counsel here today?"
A. "Yes, sir."
. . . .
Q. "Have you had time to discuss with your attorneys your plea of guilty and the possible consequences of the guilty plea?"
A. "Yes, sir."
Q. "Do you feel your lawyer has given you good advice and acted in your best interest?"
A. "Yes, sir."
Q. "Have you any criticism about the way your lawyer has represented you?"
A. "No, sir."
Q. "Are you confused in any way by the questions that I have asked?"
A. "No. sir."
We note that although the defendant stated that he was not addicted to drugs of any kind, his counsel later informed the judge that the defendant had "used drugs in a sporadic fashion — that is to say, he would go very heavily into drugs during some periods of time, he would himself get out of that phase, then later go back into the use of drugs." When he entered his guilty pleas on October 8, 1974, he had been in custody since July 29, 1974, and he was not receiving any treatment for drugs.

Commonwealth *v.* Taylor.

in this Commonwealth in the area of pleas and adopt, by a decision of this court, a formal rule on the subject of plea bargaining which would include a provision that when a criminal defendant pleads guilty to a crime, after being promised by the prosecution that it will recommend a certain sentence to the judge, he is entitled either to receive a sentence which substantially conforms to the recommendation or, in the alternative, to an opportunity to withdraw his pleas of guilty. The defendant concedes that the principle which he urges us to adopt by rule "is not yet generally established law," but cites a "growing list of cases in other jurisdictions" in which it seems to have been adopted. He draws our attention to a "plethora of recent proposals," including that of the Executive Committee of the Massachusetts Criminal Rules Advisory Committee,[6] which favors a rule which would accomplish what the defendant asks us to do now by decision. While we are aware that the implementation of a rule of this nature would have many proponents and opponents, we are not persuaded that it is constitutionally required or that we should use the present case as the vehicle for accomplishing a result which is more appropriately one to be accomplished under the rule-making process. This is a subject which will receive our attention in due course when the final report and recommendations of the Massachusetts Criminal Rules Advisory Committee are placed before us for our consideration.

We hold that in the circumstances of this case there was no error in the denial of the defendant's motion to revise or revoke his sentences or, in the alternative, to withdraw his pleas of guilty.

*Exceptions overruled.*

---

[6] See Comment — Pleas and Withdrawal of Pleas, Massachusetts Rules of Criminal Procedure 98, 128 (Preliminary draft, 1975).