COMMONWEALTH vs. EUGENE P. JEFFERSON.

Suffolk.    May 10, 1976. — June 11, 1976.

Present: HALE, C.J., KEVILLE, & GOODMAN, JJ.

*Practice, Criminal,* Plea.  *Constitutional Law,* Plea, Due process of
law.

The record in a criminal case was sufficient to show that the defendant
pleaded guilty intelligently and voluntarily with an understanding
of the charges and the consequences of the pleas. [354-355]

FIVE INDICTMENTS found and returned in the Superior
Court on February 12, 1971.

COMPLAINT received and sworn to in the Municipal
Court of the City of Boston on March 1, 1971.

Following trial, the case was appealed to the Superior
Court.

A motion for a new trial of the six cases was heard by
*Tamburello, J.*

*Dyanne Klein Polatin* for the defendant.

*James P. Hayes,* Assistant District Attorney, for the
Commonwealth.

HALE, C.J.   The defendant brings this bill of exceptions
as the result of the denial of his motion for a new trial (see
*Commonwealth* v. *Penrose,* 363 Mass. 677 [1973]) follow-
ing pleas of guilty to parts of two indictments (54590 and
54594) and to four other charges.[1] The motion was in ef-

---

[1] Indictment 54590 — possession of heroin with intent to sell, second
offense;
Indictment 54591 — possession of heroin with intent to sell, second
offense;
Indictment 54592 — possession of heroin;
Indictment 54594 — possession of heroin, second offense;

fect based on the claim that the pleas were not made voluntarily with an understanding of the nature of the charges and the consequences of the pleas and, therefore, that the defendant was denied his rights under the Sixth and Fourteenth Amendments to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. The trial judge died before the motion was filed, and the motion was heard and denied by another Superior Court judge.

The issue presented is whether the record affirmatively shows that the defendant pleaded guilty voluntarily and with an understanding of the nature and consequences of his pleas. See *Brady* v. *United States*, 397 U. S. 742, 748 (1970); *Huot* v. *Commonwealth*, 363 Mass. 91, 101 (1973). In particular, with regard to indictments 54590 and 54591, the defendant contends that he was unaware at the time of the plea that, under G. L. c. 94, § 212A (as in effect prior to St. 1971, c. 1071, § 2), he would be ineligible for parole until the minimum sentence (ten years) had been served. We summarize the pertinent parts of the bill of exceptions and the documents incorporated therein by reference.

The defendant was found guilty by a jury on indictments 54590 and 54594 except as to so much as charged each as a second offense.[2] After a bench conference, which was not recorded, the defendant was asked by the clerk how he pleaded to so much of indictments 54590 and 54594 as charged second offenses. The defendant responded with a plea of guilty to that part of each indictment. The judge conducted an inquiry of the defendant during the course

---

Indictment 54595 — possession of a counterfeit bill;

Complaint 55373 — possession of heroin

The parties have not argued and the record does not disclose that the charges of possession of heroin should have been dismissed for the reasons stated in *Kuklis* v. *Commonwealth,* 361 Mass. 302, 306-309 (1972).

[2] He was also tried and found guilty under indictment 54596 of possession of hypodermic syringes and needles. The case was then placed on file. As the defendant did not plead guilty to any part of that charge, the case was not a subject of the motion for a new trial and is not now before us.

of which the defendant stated that he had previously been convicted of the same two basic charges and that he understood the length of the minimum and maximum sentences which could be imposed as the result of his pleas. The judge informed the defendant that on the charge involving possession with intent to sell, the sentence could not be suspended and no probation or parole could be granted until the minimum ten year sentence had been served.

Shortly before the judge advised the defendant concerning the limitations on suspension, probation, and parole he granted another bench conference, which also was not recorded, following which the defendant was inquired of as to a change of plea on pending indictments 54591, 54592, and 54595, and complaint 55373 (see fn. 1). The inquiry included a summary of each offense charged, and pleas of guilty were offered to each. After ascertaining that the defendant admitted having committed the offenses charged, the judge informed him of the possible sentences. After the judge had read aloud certain parts of the defendant's criminal record, the defendant, having requested the opportunity to speak, was allowed to do so. He recounted parts of his life history and in particular his troubles because of his involvement with narcotics.

The defendant's pleas of guilty were accepted, and he was sentenced to a term of not more than fifteen and not less than ten years at the Massachusetts Correctional Institution at Walpole on indictment 54590. He received the same sentence on indictment 54591 and lesser sentences on 54592, 54594, and 54595, all to be served concurrently with the sentence imposed on indictment 54590. The remaining indictment and the complaint were placed on file with the defendant's consent.

Although the questioning of the defendant could have been more extensive (see e.g. *Commonwealth* v. *Taylor*, 370 Mass. 141, 144, fn. 5; Smith, Criminal Practice and Procedure, § 453 [Supp. 1975 at 121]), we conclude that the record affirmatively demonstrates that the pleas were

offered intelligently and voluntarily with an understanding by the defendant of the nature of the charges and the consequences of the pleas. *Boykin* v. *Alabama,* 395 U. S. 238, 242 (1969). *Commonwealth* v. *Morrow,* 363 Mass. 601, 605 (1973). That affirmative showing is found in the record of the proceedings following the jury's verdicts and before the imposition of the sentences.[3] Neither the motion judge nor we have had to go beyond that record to arrive at the result reached. See *Commonwealth* v. *Foster,* 368 Mass. 100, 108, fn. 7 (1975).

We decline to accept the defendant's suggestion that *Durant* v. *United States,* 410 F. 2d 689 (1st Cir. 1969), be followed. That case held that ineligibility for parole is a consequence of a guilty plea within the meaning of Rule 11 of the Federal Rules of Criminal Procedure, and that a trial court should not accept a guilty plea without informing a defendant of his ineligibility for parole. *Id.* at 693. Rule 11 is not applicable to State court proceedings (*Commonwealth* v. *Morrow,* 363 Mass. at 606), and the instant case is factually distinguishable because the defendant was informed of his ineligibility for parole.

Here the defendant had just been tried for offenses substantially the same as those to which he pleaded guilty except for the indictment charging possession of a counterfeit bill.[4] The jury was still in the courtroom, presumably to sit on the remainder of the simple one-issue trial on those parts of indictments 54590 and 54594 which alleged the element of second offense. It is clear that the defendant chose, as he did in the case of the four offenses to which he pleaded guilty to the whole charge, not to put the Commonwealth to its proof, relying instead on the narrative of

---

[3] We agree with the judge who heard the motion for a new trial that the defendant's account given at that hearing did not accurately reflect what transpired at the time of sentencing. See *Commonwealth* v. *Hamilton,* 3 Mass. App. Ct. 554, 557 (1975).

[4] In the course of the judge's inquiry the defendant admitted having possessed a counterfeit bill and was informed by the judge of the potential penalty.

his tragic life story to obtain leniency in the disposition of all the cases.[5]

Although it is good practice for a trial judge to inform the defendant specifically concerning each right waived by pleading guilty (*Huot* v. *Commonwealth*, 363 Mass. at 101), the judge did not do so.[6] However, in *Commonwealth* v. *Morrow*, 363 Mass. at 604, the Supreme Judicial Court looked to the entire dialogue between the defendant and his counsel and determined that the colloquy "was sufficient to satisfy the Commonwealth's burden of showing that the guilty pleas were understandingly and voluntarily made." The court then stated that "[t]he *Boykin* case does not require that the judge expressly enumerate in detail the three rights waived." *Id.* at 604-605. We conclude that in this case the Commonwealth has satisfied its burden and hold that there was no error in the denial of the motion for a new trial.

*Exceptions overruled.*

---

[5] The defendant's hope for leniency was largely realized in the nearly minimum sentence imposed on one charge and the concurrency of the others.

[6] The three rights waived by a guilty plea are: (1) the privilege against self-incrimination, *Malloy* v. *Hogan,* 378 U. S. 1 (1964); (2) the right to trial by jury, *Duncan* v. *Louisiana,* 391 U. S. 145 (1968); and (3) the right to confront one's accusers, *Pointer* v. *Texas,* 380 U. S. 400 (1965). *Boykin* v. *Alabama,* 395 U. S. at 243.