Commonwealth vs. Linda Johnson.

Suffolk.  January 19, 1981. — May 14, 1981.

Present: Perretta, Rose, & Kass, JJ.

*Practice, Criminal,* Plea, Agreement between prosecutor and defendant.

A defendant was not entitled to withdraw her pleas of guilty on the
  ground that the judge failed to comply with Mass.R.Crim.P. 12 (c) (2)
  where, despite the failure of either defense counsel or the prosecutor to
  inform the judge as required by rule 12 (b) (2) that the pleas were con-
  tingent upon a sentence recommendation under rule 12 (b) (1) (C), the
  judge nevertheless followed all the procedures required by rule 12 (c)
  (2), (3), (4), and (5) and where, despite the judge's departure from the
  chronology contemplated by rule 12 (c) and anticipated by defense
  counsel, the defendant was given an opportunity not to plead after be-
  ing informed of the judge's intention not to be bound by the sentence
  recommendation in terms consistent with rule 12 (c) (2) (B).  [840-844]

Indictments found and returned in the Superior Court
on September 7, 1973.

Motions for leave to withdraw pleas of guilty were heard
by *Sherman, J.,* a District Court judge sitting under statu-
tory authority.

*Gordon A. Oppenheim* for the defendant.

*Kevin Connelly,* Assistant District Attorney, for the Com-
monwealth.

Perretta, J.   The defendant pleaded guilty to one indict-
ment charging her with assault and battery by means of a
dangerous weapon, G. L. c. 265, § 15A, and to so much of
a second indictment for armed robbery as charged her with
larceny from the person.  G. L. c. 266, § 25.   After the
judge imposed a sentence greater than the defendant had
anticipated she would receive, the defendant moved for
leave to withdraw her pleas, but the judge denied her mo-
tion.   On appeal she alleges, in essence, that her attorney

Commonwealth v. Johnson.

had advised her that if she were to plead guilty and the judge should decline to impose the sentence that the prosecutor had agreed to recommend, she would be able either to withdraw her guilty pleas or refuse to plead guilty in the first instance, depending upon the judge's election under Mass.R.Crim.P. 12(c)(2), 378 Mass. 868 (1979).[1] She argues that as a result of her misunderstanding of what the prosecutor's recommendation was to be and the judge's alleged failure to comply with rule 12(c)(2), "she was not fully informed as to her rights and alternatives regarding the sentence." We hold that the defendant knowingly and voluntarily pleaded guilty to the charges, and we affirm the judge's order denying her motion for leave to withdraw her pleas.

The defendant's motion was accompanied by affidavits from her attorney in which he set out the advice he had given the defendant on the question whether to change her pleas to the charges. The judge concluded that an evidentiary hearing on the motion was unnecessary because even though there was a misunderstanding between the prosecutor and defense counsel as to the terms of the Commonwealth's recommendation and notwithstanding what defense counsel had advised the defendant, he (the judge) had correctly and thoroughly informed her of the consequences of her plea as required by rule 12(c).

We recite the facts as they appear in defense counsel's affidavits and in the transcripts of the proceedings in which the defendant pleaded and in which she moved to vacate her pleas.[2] The prosecutor and defense counsel entered into

---

[1] Rule 12(c)(2) provides: "If there were sentence recommendations contingent upon the tender of the plea the judge shall either: (A) inform the defendant that he will not impose a sentence that exceeds the terms of the recommendation without first giving the defendant the right to withdraw his plea; or (B) inform the defendant that he does not intend to be restricted in any way by the recommendation agreement and may impose any sentence provided for by the General Laws. If the defendant thereafter pleads guilty he shall not be entitled to withdraw that plea except in the discretion of the judge."

[2] While the judge made no specific findings on the issue of the defendant's voluntariness and knowledge, a remand in this case is not required

plea negotiations which concluded in an agreement that upon the defendant's change of her pleas, the prosecutor would recommend that she be incarcerated for five years and defense counsel would recommend that a sentence of probation be imposed.[3] Based on his understanding of the agreement, defense counsel advised the defendant that if she accepted the terms of the agreement and the Commonwealth's recommendation were followed, she would be eligible for parole after serving six months of the sentence; on the other hand, if the judge would not abide by the recommendation, the defendant could either refuse to plead guilty or withdraw her pleas.[4] Mass.R.Crim.P. 12(c)(2) & (6), 378 Mass. 868, 869 (1979).[5]

---

because the record as a whole supports the judge's conclusion concerning the defendant's allegations. *Commonwealth* v. *Tirrell,* 382 Mass. 502, 510 n.10 (1981). See also *Commonwealth* v. *Morrow,* 363 Mass. 601, 603 (1973) ("The record of a guilty plea . . . is required to show affirmatively that a defendant who pleads guilty entered his plea understandingly and voluntarily").

[3] Counsel disagree on the terms of the prosecutor's side of the agreement. The prosecutor insists that he had agreed to recommend a minimum of five years incarceration on a sentence to Massachusetts Correctional Institution, Walpole, to be served at MCI, Framingham. Defense counsel maintains that the prosecutor had agreed to recommend a reformatory term of five years. The difference between the "agreed upon" recommendations lies in the manner in which the defendant's parole eligibility date would be computed. See and compare G. L. c. 127, § 133, with Smith, Criminal Practice and Procedure § 1582 (1979 Supp.).

[4] In his affidavit, defense counsel related that he had advised the defendant of the agreement and of the plea procedure in the following terms: "I told the defendant that if she pled guilty to the recommendation of the district attorney (which I represented as 'five years') the judge would tell her that he would not impose a sentence greater than that recommendation without first giving her an opportunity to withdraw her plea. If this alternative is given to her by the Judge, we will withdraw the plea. [See rule 12(c)(2)(A)]. In addition, I informed the defendant that the Judge might indicate that he would not be restricted in any way by the recommendation of the district attorney. And at that point, would give her an opportunity not to plea. [See rule 12(c)[2](B)]. If such a situation occurred, we would not plea . . . I explained to the defendant that if the recommendation were accepted and she would be sentenced to Framingham, she would be eligible for parole in six months."

[5] Rule 12(c)(6) provides in pertinent part: "If the judge determines that he will impose a sentence that will exceed an agreed recommendation for

The defendant decided to plead guilty, and when she offered her pleas to the judge, he asked the prosecutor whether there was "a joint recommendation." The prosecutor replied that there was not, and neither he nor defense counsel informed the judge that the pleas were, however, contingent upon an agreement under rule 12(b)(1)(C), 378 Mass. 867 (1979).[6] Additionally, they did not advise the judge of the substance of the agreement, as each understood it to be, until after the judge had accepted the pleas, contrary to the provisions of rule 12(b)(2) and (c)(1), 378 Mass. 867, 868 (1979).[7] See also *Commonwealth* v. *Stanton*, 2 Mass. App. Ct. 614, 619 (1974); Reporter's Notes to Mass.R.Crim. P. 12, Mass. Ann. Laws, Rules of Criminal Procedure, at 203-204. The judge, as evidenced by his remarks to counsel during arguments on the defendant's motion, understood

a particular sentence or type of punishment under subdivision (b)(1)(C) of this rule . . . after having informed the defendant as provided in subdivision (c)(2)(A) that he would not do so, he shall, on the record, advise the defendant personally . . . that he intends to exceed the terms of the plea recommendation and shall afford the defendant the opportunity to then withdraw his plea."

[6] Rule 12(b)(1)(C) provides, in pertinent part: "The defendant and his counsel . . . may engage in discussions with the prosecutor as to any recommendation to be made to a judge or any other action to be taken by the prosecutor upon the tender of a plea of guilty . . . to a charged offense or to a lesser included offense. The agreement of the prosecutor may include: . . . (C) Recommendation of a particular sentence or type of punishment with the specific understanding that the defendant shall reserve the right to request a lesser sentence or different type of punishment." The prosecutor's response to the judge's inquiry appears to be based upon the fact that the parties had agreed only as to what each would recommend, but they did not agree that the recommendation of the other was appropriate, and, hence, it was not a joint recommendation. Defense counsel neither objected to nor qualified the prosecutor's response.

[7] Rule 12(b)(2) states: "If defense counsel or the prosecutor has knowledge of any agreement that was made contingent upon the defendant's plea, he shall inform the judge thereof prior to the tender of the plea." Further, rule 12(c)(1) provides: "After being informed that the defendant intends to plead guilty . . .: (1) . . . The judge shall inquire of the defendant or his counsel as to the existence of and shall be informed of the substance of any agreements that are made which are contingent upon the plea."

the prosecutor's response and defense counsel's acquiescence in it to mean that the defendant's pleas were not contingent upon an agreement made pursuant to rule 12(b)(1). He next proceeded to engage in a dialogue with the defendant, eliciting from her responses to those questions pertinent to a determination whether she was voluntarily and knowingly pleading guilty.[8]  Upon completion of his interrogation of the defendant, the judge accepted her pleas and asked the prosecutor and defense counsel what sentence each was seeking. The prosecutor replied, "at least five years in state's prison to be served at Framingham"; defense counsel urged that a sentence of probation be imposed in light of the defendant's self-rehabilitation since the time of the 1973 of-

---

[8] In addition to that information required by rule 12(c)(3), 378 Mass. 868 (1979), the judge asked the defendant the following questions:

Q. "[H]as anybody promised you anything or threatened you in any way or offered up any inducement to you to plead guilty?"

A. "No."

                         .        .        .

Q. "[D]o you understand that by pleading guilty you're leaving it to me to impose whatever sentence I deem fit in accordance with the law?"

A. "Yes."

Q. "[W]hether or not your attorney has been informed by the district attorney what sentence the district attorney's going to recommend to the Court?"

A. "Yes."

Q. "And do you also understand that notwithstanding any recommendation that is made by either your attorney or the district attorney, that it's strictly up to me to impose whatever sentence I deem fit in accordance with the law?"

A. "Yes."

                         .        .        .

Q. "Are you confused in any way by any of the questions that I've been asking you?"

A. "No."

Q. "As I understand it, you are offering up your plea of guilty because you are guilty and for no other reason."

A. "Right."

The judge then accepted the defendant's pleas.

fenses. The judge then imposed two terms of incarceration at MCI, Walpole, for periods of not less than three years and not more than five years, to be served concurrently at Framingham. Thus, the defendant would not be eligible for parole until after she had been incarcerated for two years. G. L. c. 127, § 133.

It was at this point that defense counsel spoke up, told the judge of the agreement, as he understood it, and of his advice to the defendant, see note 4, *supra,* and moved for leave to withdraw the guilty pleas. Although the judge would not allow the defendant to withdraw her pleas, "based upon what I have just gone through," see note 8, *supra,* he was willing to, and in fact did, revise the sentence he had just imposed. The revised sentence consisted of two terms of incarceration to be served consecutively at Framingham. One term was for a period of ten years and the second was for a period of five years.[9]

It is the defendant's claim that the judge did not comply with rule 12(c) and that because she received a sentence in excess of what she understood the prosecutor's recommendation to be, see *Blaikie* v. *District Attorney for the Suffolk Dist.,* 375 Mass. 613, 616 n.2 (1978), due process considerations require that she be allowed to withdraw her pleas. Unlike the circumstances in *Commonwealth* v. *Stanton,* 2 Mass. App. Ct. 614 (1974), and in *Commonwealth* v. *Cepulonis,*

---

[9] In revising the defendant's sentence, the judge indicated that he was indifferent to whether the defendant received a Walpole or a Concord sentence. He was, however, firm in his rejection of any suggestion that the defendant's period of actual incarceration be limited to six months. The victim had been stabbed in the chest, requiring his hospitalization for a month. The judge stated that, in consideration of the nature and the circumstances of the offenses, he had been inclined to impose a "substantially greater" sentence than he had. The original sentence was lenient, in his view, because of the prosecutor's request for a minimum of only five years and because of the defendant's self-rehabilitation since 1973. As revised, the sentences permit the parole of the defendant after eighteen months of incarceration. While this is twelve months later than the defendant had anticipated, it is also twenty-two months sooner than the prosecutor had intended and six months sooner than under the sentence first imposed.

9 Mass. App. Ct. 302 (1980), here the plea procedures are controlled by rule 12(c). That does not, however, change the focus of our review: "The real issue in cases like the present one is whether a waiver was knowingly and voluntarily made." *Commonwealth* v. *Stanton*, 2 Mass. App. Ct. at 620. See also Reporter's Notes to Mass.R.Crim.P. 12(c), Mass. Ann. Laws, Rules of Criminal Procedure, at 204-208. Thus, while compliance with the procedures set out in rule 12(c) is mandatory, adherence to or departure from them is but one factor to be considered in resolving this issue.

To appreciate the gist of the defendant's claim, we consider first what should have occurred in the defendant's case, as contemplated by rule 12(b) and (c). Because there was a rule 12(b)(1)(C) agreement, the judge should have been informed of the existence and the substance of that agreement at the outset of the proceedings. Mass.R.Crim.P. 12(b)(2) & (c)(1). If this had been done, it is possible that the misunderstanding would have been avoided at that time; but we proceed on the basis that it would not have. The judge, having been informed that the defendant's pleas were contingent upon the agreement, would next have informed the defendant of his election under rule 12(c)(2)(A) or (B). Assuming that the judge had elected to proceed under alternative (B), according to defense counsel's affidavit the proceedings would have ended there because the defendant would not have gone on to tender her pleas under rule 12(c)(4). However, had the judge selected alternative (A) and so advised the defendant, he next would have instructed her as to the consequences of her pleas. Mass.R. Crim.P. 12(c)(3). "To this point the court has been informed of the existence of and substance of a plea arrangement, has indicated a willingness to entertain that arrangement, and has informed the defendant or caused him to be informed of the consequences of acceptance of the plea. The defendant now formally tenders his plea to the court, which then conducts a hearing to determine the voluntariness thereof [rule 12(c)(4) and 5)]." Reporter's Notes to Mass.R. Crim.P. 12(c), *supra* at 206.

In view of the sentence originally imposed by the judge, or even if it had been consistent with what the prosecutor had intended and had requested, it is reasonable to assume that the defendant would have been allowed to withdraw her pleas at that time pursuant to rule 12(c)(6). See Reporter's Notes to Mass.R.Crim.P. 12(c)(6), *supra* at 208-209; ABA Standards Relating to Pleas of Guilty § 2.1(a)(i) (Approved Draft, 1968).

These simple and express procedures went awry when the prosecutor and defense counsel failed to comply with rule 12(b)(2), despite the judge's inquiry under rule 12(c)(1). Because of their noncompliance, the judge understandably, but erroneously, assumed that the defendant's pleas were not contingent upon any agreement under rule 12(b)(1). Since rule 12(c)(2) is mandatory only "[i]f there were sentence recommendations contingent upon the tender of the plea," the judge bypassed this subdivision of rule 12(c). Thus, the defendant tendered her pleas, she was advised of the consequences of her act, she was questioned about the voluntariness of her decision, and her pleas were then accepted. Had there not in fact been a plea agreement, there could be no attack on the procedure used in accepting the defendant's pleas. See *Commonwealth* v. *Taylor,* 370 Mass. 141, 144-145 (1976); *Commonwealth* v. *Stanton,* 2 Mass. App. Ct. at 615-617 n.1, 622. Cf. Reporter's Notes to Mass.R.Crim.P. 12(c), *supra* at 204. Contrast factually, *Commonwealth* v. *Cepulonis,* 9 Mass. App. Ct. at 311.

We consider now the adverse impact, if any, on the defendant of the procedure used in taking her pleas which were contingent upon an agreement. Although the judge believed that the pleas were independent of an agreement, he did ascertain that the defendant had knowledge of what the prosecutor intended to recommend. See note 8, *supra.* Had the judge then simply informed the defendant that he was not bound by any such recommendation, there might be cause for concern. Such a statement, when viewed with defense counsel's advice to the defendant, see note 4, *supra,* could arguably be interpreted as prefatory to or not incon-

sistent with either statement under rule 12(c)(2). Cf. *People* v. *Wright*, 38 Colo. App. 271, 274-275 (1976), aff'd 194 Colo. 448 (1978); *Commonwealth* v. *Fazenbaker*, 248 Pa. Super. 433, 437-438 (1977). See also Annot., 66 A.L.R. 3d 896, 913-931 (1975). However, when note 8, *supra*, is compared with rule 12(c)(2)(B), it can be seen that the judge essentially complied with subdivision (c)(2)(B), even though he was not required to by his assessment of the situation. His statements not only were contrary to any indication of an intention to allow the defendant to withdraw her pleas under alternative (2)(A), they were consistent with an announced intention to proceed in accordance with (2)(B). Moreover, they harmonized with what defense counsel had told the defendant the judge could and might do. Compare note 4 with note 8, both *supra*. While it might have been clearer to the defendant had the judge informed her that a sentence in excess of the prosecutor's recommendation could not "serve as the foundation of a retraction of [her] pleas," see *United States* v. *Incrovato*, 611 F.2d 5, 6 (1st Cir. 1979), such a statement was not mandated by either rule 12(c)(2) (B) or constitutional considerations. See *Commonwealth* v. *Taylor*, 370 Mass. at 146. Compare and contrast rule 12(c)(2) with Mass. Proposed R.Crim.P. for Dist. & Super. Cts. 12(b)(2), (3), and (4) (1976), and Fed.R.Crim.P. 11(e) (2), (3), and (4).

Because the record establishes that all of the procedures required by rule 12(c)(2), (3), (4), and (5), were followed, all that remains of the defendant's claim is whether her pleas must be vacated due to the departure from the chronology contemplated by rule 12(c). The defendant had been advised by her attorney that, if the judge were not going to be bound by the prosecutor's recommendation, the judge "would give her an opportunity not to plea." Note 4, *supra*. The defendant was never denied this opportunity even though it may not have been presented in the precise manner and exact sequence anticipated by defense counsel. The record shows that defense counsel was well aware of the alternatives of rule 12(c)(2), that he correctly alerted the de-

fendant to them, that the judge informed the defendant of his election in terms that were consistent with alternative (2)(B) and contrary to (2)(A), that the defendant stated she was not confused by the information that the judge had imparted to her, and that neither she nor her counsel questioned the judge during his explanation of the sentencing possibilities. Moreover, nothing occurred in those proceedings which would encourage us to assume, or even to speculate, that had either the defendant or defense counsel voiced any confusion or misunderstanding prior to the actual pronouncement of the defendant's sentence, the judge would nonetheless have ignored their concerns and held the defendant to her tender. Cf. ABA Standards Relating to Pleas of Guilty, Commentary to § 2.1(a)(i).

The record shows that the defendant entered her pleas freely and knowingly, and we see nothing which distinguishes her situation from the holdings in *Commonwealth v. Taylor*, 370 Mass. 141 (1976), *Commonwealth v. Stanton*, 2 Mass. App. Ct. 614 (1974), and *Commonwealth v. Cepulonis*, 9 Mass. App. Ct. 302 (1980). We conclude that in the circumstances of this case the judge was not required to vacate the defendant's pleas and that he did not abuse his discretion in denying her motion.

*Order affirmed.*