COMMONWEALTH *vs*. RUSSELL J. BARRY, JR. March 11, 1985. *Practice, Criminal,* Transcript of hearing, Plea, Agreement between prosecutor and defendant.

The defendant appeals from his conviction of violating G. L. c. 90, § 24 (operating a motor vehicle while under the influence of liquor), and from the denial of his motion to withdraw his plea of guilty. The defendant was first tried in the Natick District Court before a judge who found him guilty and sentenced him to six months in a house of correction. The defendant appealed from his conviction to the jury of six session in the Framingham District Court where, represented by counsel, he offered to plead guilty. Although, through no fault of either party, a small portion of the hearing in the jury of six session was not tape recorded, and the parties are unable to agree as to what occurred during the missing portion, the "account of the events" with which we have been provided is "sufficient [to allow us] to evaluate the defendant's contentions." *Commonwealth* v. *Harris*, 376 Mass. 74, 78 (1978). For purposes of review, as to the only disputed portion, we have made those assumptions which are most favorable to the defendant. Accordingly, there is no prejudice to the defendant arising from the incomplete record.

Before the defendant offered to plead guilty, defense counsel and the prosecutor had agreed to make a joint recommendation that the defendant receive a six-month sentence to a house of correction, to be suspended on the condition that he attend a particular alcohol treatment program. The judge was informed at the outset that the plea was contingent upon a joint recommendation, although he was not at that time advised of the substance of the agreement. Nothing was said by the judge at that time as to whether he was proceeding under subsection (A) or (B) of Mass.R.Crim.P. 12(c)(2), 378 Mass. 868 (1979). The judge proceeded to engage in an extensive colloquy with the defendant concerning the facts, the defendant's understanding of the consequences of his plea, and whether it was being offered freely and voluntarily. Among the questions asked of the defendant by the judge, and answered affirmatively, was the following: "Do you also understand the court's not obliged to accept the recommendations of the district attorney and defense counsel and the court may impose as a sentence any penalty that is allowed and provided by law?" Upon completion of the colloquy, the judge accepted the plea, and the prosecutor made the agreed recommendation. The judge imposed a sentence of six months in a house of correction, sixty days to be served and the balance suspended, and the defendant was ordered, in addition, to attend the alcohol treatment program and to pay a fine. Immediately upon announcement of the sentence, the defendant moved to withdraw his plea of guilty, but the motion was denied.

The judge did not strictly follow the requirements of Mass.R.Crim.P. 12. Had he done so he would have been informed of the substance of the agreement at the outset of the proceedings. More significantly, he would have made it known explicitly that he was proceeding under rule 12(c)(2)(B) and that he would not allow a later withdrawal of the plea should he choose to exceed the agreed sentence recommendation. Had the judge conducted the proceedings as the rule required, "it is possible that the misunderstanding would have been avoided at that time . . . ." *Commonwealth* v. *Johnson,* 11 Mass. App. Ct. 835, 841 (1981). However regrettable the departure may be, "The real issue in cases like the present one is whether a waiver was knowingly and voluntarily made. . . . Thus, while compliance with the procedures set out in rule 12(c) is mandatory, adherence to or departure from them is but one factor to be considered in resolving the issue." *Commonwealth* v. *Johnson, supra* at 841. As was the case in *Commonwealth* v. *Johnson, supra* at 839 n.8, 843, the judge's remarks during the colloquy were consistent with an intention to proceed in accordance with rule 12(c)(2)(B). The defendant stated that he understood the questions asked by the judge. Neither he nor counsel questioned the judge as to his election under rule 12(c)(2). The prosecutor complied in all respects with his agreement. Notwithstanding the defendant's apparent dissatisfaction with the sentence, the record shows that he entered his plea freely and knowingly. *Commonwealth* v. *Taylor,* 370 Mass. 141, 143-145 (1976). *Commonwealth*

v. *Cepulonis,* 9 Mass. App. Ct. 302, 311 (1980). *Commonwealth* v. *Johnson, supra* at 844. Contrast *Boykin* v. *Alabama,* 395 U.S. 238, 242-244 (1969).

Accordingly, there is no basis for reversal of the conviction, and the denial of the motion to withdraw the guilty plea did not constitute an abuse of discretion.

*Judgment affirmed.*

*Order denying motion to withdraw guilty plea affirmed.*

*Harvey R. Peters* for the defendant.
*David F. Capeless,* Assistant District Attorney, for the Commonwealth.