COMMONWEALTH *vs.* CHARLES WILSON & another.

Suffolk.   February 28, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Criminal Case — Reputation for Honesty — Corroboration of Accomplice —*
*Rule of Practice.*

In a criminal case, the jury should give to evidence concerning the defendant's reputation for honesty such weight as they think it deserves, and if, after doing so, they are not satisfied beyond a reasonable doubt of his guilt, they must acquit him.

It is a general rule of practice in criminal cases, but not a rule of law, to advise a jury not to convict upon the uncorroborated testimony of an accomplice; and the judge presiding at the trial may, in his discretion, decline to adopt the rule, and may refuse so to advise the jury, or to define corroborative evidence within the meaning of the rule.

INDICTMENT for breaking and entering, and for larceny in a building.   Trial in the Superior Court, before *Dunbar*, J., who allowed a bill of exceptions, which, so far as material to the points decided, is as follows.

The defendant Wilson alone was tried.   The government introduced as witnesses, among others, one Markey and one Lowry, who, as the defendant contended and the evidence tended to prove, were accomplices, and their testimony, while differing in details, agreed in tending to prove that the defendant committed the larceny.   The defendant did not testify in his own behalf, but introduced various witnesses who testified that to their knowledge his character for honesty had always been good.

The defendant presented to the judge twelve requests for instructions to the jury, which the judge refused to give, and of which the following alone are material:

"4. A conviction herein of the defendant Wilson cannot properly or safely be had on the testimony of any accomplice here testifying, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect said defendant with the commission of the supposed offence; and the corroboration is not sufficient

if it merely shows the commission of the offence or the circumstances thereof. . . .

" 6. The testimony of an accomplice in the supposed crime cannot be corroborated by that of another accomplice, whether their respective testimonies relate to the same or to separate and independent facts. . . .

" 12. The jury may take evidence of the defendant's good character for honesty into consideration for the purpose of determining whether it creates a reasonable doubt of his guilt. And in this relation, evidence of good character is not only of value in doubtful cases, but it is entitled to be considered when the testimony tends strongly to establish the guilt of the defendant, and very properly may sometimes itself create a doubt."

The judge instructed the jury, among other things, that the defendant contended that the witnesses, Markey and Lowry, were concerned in the commission of the offence with which the defendant was charged, and were accomplices; that this was a proper matter for consideration as bearing upon the weight which the jury should give to their testimony; that if there was anything in the testimony which, to the minds of the jury, tended to connect them with the commission of the offence, or if there was anything in the testimony, or in the conduct or appearance of these witnesses, which, to the minds of the jury, rendered them less worthy of credit, such matters were proper for consideration, and should be considered by the jury in determining the weight to which their testimony was entitled; that the burden of proof was, as in all criminal cases, upon the Commonwealth, to satisfy the jury, beyond a reasonable doubt, of all the material allegations of the indictment; and that the jury " ought properly to consider in connection with other evidence for the defendant such testimony relative to his character for honesty as has been introduced."

The jury returned a verdict of guilty of the larceny; and the defendant alleged exceptions

*J. E. Bates*, for the defendant.

*A. J. Waterman,* Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

FIELD, J. The only exceptions argued are, first, the exception to the instructions given by the court upon the effect of the evi-

dence of the defendant's reputation for honesty, so far as they are inconsistent with the twelfth instruction requested, and, secondly, the exception to the refusal of the court to give the sixth instruction requested. The court instructed the jury, that they " ought properly to consider in connection with other evidence for the defendant such testimony relative to his character for honesty as has been introduced." The court had previously instructed them that " the burden of proof was, as in all criminal cases, upon the Commonwealth to satisfy the jury beyond a reasonable doubt of all the material allegations of the indictment." These instructions, taken together, are in substance equivalent to the twelfth instruction requested. The jury were in effect told that they were to give to the evidence concerning the defendant's reputation for honesty such weight as they thought it was entitled to; and if, after giving it such weight, they were not satisfied beyond a reasonable doubt of the guilt of the defendant, they must acquit him. This is a correct statement of the law. *Commonwealth* v. *Leonard*, 140 Mass. 473.

The sixth instruction requested is as follows : " The testimony of an accomplice in the supposed crime cannot be corroborated by that of another accomplice, whether their respective testimonies relate to the same or to separate and independent facts."

The effect of our decisions upon this subject seems to be as follows. An accomplice is a competent witness for the prosecution in a criminal case, and a jury may find a defendant guilty upon the uncorroborated testimony of an accomplice. It is, however, a general rule of practice, to advise a jury not to convict upon the uncorroborated testimony of an accomplice, but it is not a rule of law, and it is not error in law for the presiding justice to refuse so to advise the jury. The practice of advising a jury that it is generally unsafe to convict upon the uncorroborated testimony of an accomplice, but of leaving it for them to determine in any particular case the weight to which such testimony is entitled, is not regarded as a violation of the Pub. Sts. c. 153, § 5. See Pub. Sts. c. 214, § 17. If, under this rule of practice, evidence is admitted for the purpose of corroborating the testimony of an accomplice which does not legally have that effect, it is a subject of exception. *Commonwealth* v. *Chase*, 147 Mass. 597. *Commonwealth* v. *Holmes*, 127 Mass. 424. *Com-*

*monwealth* v. *Larrabee*, 99 Mass. 413, 416.   *Harrington* v. *Harrington*, 107 Mass. 329, 333.   *Commonwealth* v. *Price*, 10 Gray, 472; *S. C.* 71 Am. Dec. 668, and note.

In the case at bar, the presiding justice refused to give the fourth instruction requested. Although this request is very nearly, if not exactly, in accordance with the rule of practice generally adopted, yet, as the rule of practice is not an absolute rule of law, it was not error in law on the part of the presiding justice to refuse to give it.

With reference to the testimony of the witnesses who, as the defendant contended, were accomplices, the instructions to the jury were as follows: " If there is anything in the testimony which to your minds tends to connect them with the commission of the offence, . . . such matters are proper for your consideration, and should be considered by you in determining the weight to which their testimony is entitled."

The intention of the counsel for the defendant in making the sixth request was to raise a question of law upon which the decisions of different courts are not uniform ; namely, whether the testimony of one accomplice tending to prove the guilt of the defendant is corroborative of similar testimony of another accomplice, within the rule of practice herein before referred to. It is not contended that the testimony of any of the persons whom the defendant calls accomplices was not competent evidence in the case, or that any of it was improperly admitted. Whether, therefore, it was corroborative within the rule of practice referred to is immaterial, because the presiding justice did not adopt this rule in the trial of the case. If it is not error in law for the presiding justice to refuse advising the jury that they ought not generally to convict on the uncorroborated testimony of an accomplice, it is not error in law for him also to refuse to define what is corroborative evidence within the meaning of the rule, when he refuses to follow the rule. The incidents of the rule fall with the rule itself. In *Commonwealth* v. *Holmes*, *ubi supra*, an attempt was made to follow the rule, and the court erred in admitting as corroborative evidence testimony which was not corroborative. If the rule of practice is one which a court ought generally to follow, still, not being a rule of law, it is a matter of discretion in any particular case whether the court will follow it or not.                    *Exceptions overruled.*