COMMONWEALTH vs. NORMAN SIMMONS.

Suffolk.   November 4, 1980. — February 26, 1981.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, WILKINS, & ABRAMS, JJ.

*Homicide.   Self-Defense.   Practice, Criminal*, Instructions to jury.

At the trial of an indictment for manslaughter, there was no error in the
    judge's instruction to the jury to the effect that evidence of the defend-
    ant's good character was to be considered with all other evidence.
    [42-43]
At the trial of an indictment for manslaughter, the judge was not re-
    quired to give a jury instruction concerning the victim's character.
    [43-44]
A judge's charge respecting self-defense, although employing terminol-
    ogy which had been disapproved by this court, was free of reversible
    error where the judge instructed on four separate occasions that the
    Commonwealth had to show absence of self-defense.   [44-45]

INDICTMENT found and returned in the Superior Court
Department on January 26, 1979.

The case was tried before *Wagner*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*William J. Leahy* for the defendant.

*Matthew L. McGrant, III*, Assistant District Attorney
(*Michael J. Traft*, Assistant District Attorney, with him) for
the Commonwealth.

HENNESSEY, C.J.   This is an appeal, on direct appellate
review, from the defendant's manslaughter conviction.   The
defendant's several assignments of error all relate to the trial
judge's charge to the jury.   We conclude that there was no
error and affirm the judgment.

We summarize the evidence.   The defendant had an
argument and a fist fight with the victim, Allen Williams,
on the afternoon of March 25, 1978, near the Cathedral
housing project in Boston.   Both men left the scene; there

was some evidence that they promised or threatened each other that each would return with weapons. Soon thereafter, both met in the courtyard of the housing project, Williams armed with a gun and the defendant armed with a knife, variously described as a steak knife and a butcher knife.

At the second confrontation, Williams died of a stab wound to his heart and lungs caused by a single blow struck by the defendant with his knife. There was conflicting evidence whether Williams had taken his gun from his pocket before he was stabbed. The defendant testified that he struck at Williams with a knife to protect himself, after Williams had pointed the gun at him and pistol-whipped him across the bridge of his nose.

Two witnesses testified as to the defendant's reputation as a peaceable person, and his reputation as a truthful person. One of these witnesses also testified that the victim Williams had a reputation for violence and aggression, and the defendant stated that he armed himself with a knife to defend himself, with the knowledge that Williams had been dishonorably discharged from the armed forces and had a reputation for intimidating younger people in the neighborhood.

The defendant urges that there was error in the judge's instructions to the jury as to the evidence of the defendant's character, and error in the instructions as to self-defense. Further, error is alleged by reason of the judge's failure to give a specific instruction on the victim's character, as requested by the defendant. The defendant made a proper and timely objection as to only one of these areas, the judge's refusal to specifically instruct as to the victim's character. Thus, as to all but the one issue, our duty to review extends only far enough to guard against a miscarriage of justice. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). However, we need not concern ourselves further with this aspect since, judged by the usual appellate standard of review, there is no error and no ground for relief.

At the close of the evidence, the defendant requested the judge to instruct the jury as to evidence of the defendant's peaceful character, and Williams' reputation for violence. The requested peaceful character instruction read: "Evidence of the defendant's good and peaceful character, like all other evidence in the case, should be considered by the jury; and if therefrom a reasonable doubt is generated in the mind of the jury as to the guilt of the accused, it is your duty to find him not guilty."

The defendant asserts that *Commonwealth* v. *Leonard*, 140 Mass. 473, 479-481 (1886), settled the law of this Commonwealth that evidence of good character as to a relevant trait of the defendant may alone generate a reasonable doubt as to guilt, and that the jury must be so instructed upon request. We think that the defendant misconstrues *Leonard*, which held that when evidence of character is admissible, its weight should be left to be determined by the jury in connection with all the other evidence in the case. The importance of *Leonard* is that it eliminated the old practice of charging juries that evidence of character was of little or no weight, except in cases where guilt remained doubtful after consideration of the other evidence. While the judge could appropriately have given the instruction as the defendant requested, he was not required to do so. The judge adequately complied with the requirements of *Commonwealth* v. *Wilson*, 152 Mass. 12 (1890), which well states the instructions to which a defendant is entitled on this issue.[1] In *Wilson*, the court concluded that the judge's

---

[1] On this aspect the charge was as follows: "In addition to [the defendant's criminal record], the defendant has introduced evidence of his general reputation in the community. Such evidence may indicate to you that it is improbable that a person of such good character would commit the crime as charged, and therefore, you should consider this evidence along with all other evidence in the case, in determining the guilt or innocence of the defendant.

"Equally so, you may find — and I submit to you another hypothetical example — that the mere fact that there are individuals in the community, or a community, that find a person to be of good character does not in itself absolve a person from the commission of any crime. I'm sure

charge adequately covered the subject, where it appeared that the instruction stated, "[The jury] ought properly to consider in connection with other evidence for the defendant such testimony relative to his character . . . ," *id.* at 14, and at another point in this charge the judge instructed that the burden was upon the Commonwealth to prove all allegations beyond a reasonable doubt. The first paragraph of the related instructions in the instant case, read together with the judge's unimpeachable statements as to burden of proof, satisfied the requirements as stated in *Wilson.*

Nor do we agree with the defendant in his assertion that the judge improperly diluted the instructions by his related remarks subsequent to the first paragraph. These statements were essentially only variations upon the same theme: that the character evidence was to be considered together with all the other evidence.[2]

We conclude, also, that there was no error in the judge's denial of the defendant's request for an instruction to the jury specifically concerning the victim's character. The instruction might properly have been given; there was no re-

---

each and every one of you seated on the panel today, have many in your community who will come forward and attest to your good character. It may be equally true that under certain circumstances you still may be inclined, or might be compelled, to commit a crime.

"So you must weigh that, not only as to the good character of the defendant and his believability, and you weigh that along with the criminal record that was introduced by way of stipulation. Keep in mind the warning that I have given you and the instruction that I have given you, that the criminal record of the defendant is not to be used in determining his guilt or innocence."

[2] The defendant also argues that the judge in the final words of this part of the charge prejudicially confused the jury as to the use of character evidence on the issue of guilt or innocence, as compared to the limited use of prior criminal convictions of the defendant on the issue of his credibility only. While the phrasing is not beyond criticism, we find no error, in light of the fact that two witnesses testified both as to the defendant's reputation as peaceable and his reputation for credibility. The testimony was thus juxtaposed much as the judge grouped it in his charge. Further, the judge carefully concluded this portion of the charge by instructing the jury to limit the use of the evidence of prior convictions to the credibility issue.

quirement that it be given. The judge's charge was appropriate and sufficient on the state of mind of the defendant as it related to self-defense. The instruction stated that the defendant "must justifiably repel force with force, as long as the danger appears to exist . . . if he . . . reasonably believes that his life or bodily safety is in danger, he may do whatever he naturally and honestly believes is necessary to protect himself." These words sufficiently informed the jury that they should consider "the nature of the provocation under which the defendant acted, and the influence it had on the mind of the defendant, as showing a reasonable apprehension." *Commonwealth* v. *Tircinski*, 189 Mass. 257, 257 (1905). The judge need not instruct as to every possible inference. *Commonwealth* v. *Polian*, 288 Mass. 494, 499 (1934). Whether to give the requested instruction lay in the usual discretion of the judge to decide to what extent he will state the evidence and discuss the possible issues of fact. See *Commonwealth* v. *Venuti*, 315 Mass. 255, 261 (1943). A party has no right to require the judge to argue the case.

Finally, we do not agree with the defendant's argument that the judge's instructions to the jury impermissibly shifted the burden of proof to the defendant on the issue of self-defense. It is true that the instructions contained several references to the "defense" of self-defense. In his charge on self-defense, the judge also stated to the jury that "you must find" and "the defendant claims," and we have in more than one case disapproved of such terminology, even if used infrequently, as in this case. See, e.g., *Connolly* v. *Commonwealth*, 377 Mass. 527, 533-534 (1979). Nevertheless, there was no error here, in light of our principle that a narrow and precise test is not to be applied to the charge, but rather the charge to the jury must be examined in its entirety. *Commonwealth* v. *Stokes*, 374 Mass. 583, 590-591 (1978). In the course of his charge the judge specifically instructed, in unequivocal language on four separate occasions, that the Commonwealth had to show the absence of self-defense. Cf. *Commonwealth* v. *Hodge (No. 2)*, 380

Mass. 858, 865-866 (1980); *Lannon* v. *Commonwealth*, 379 Mass. 786, 791-792 (1980); *Gibson* v. *Commonwealth*, 377 Mass. 539 (1979). Cases like *Commonwealth* v. *Collins*, 374 Mass. 596 (1978), and *Commonwealth* v. *Rodriguez*, 370 Mass. 684 (1976), relied on by the defendant, are clearly distinguishable.

In sum, the judge's charge to the jury was free of reversible error.

*Judgment affirmed.*