COMMONWEALTH *vs.* JOHN J. KELLEHER. No. 88-P-1203. November 29, 1989. *Practice, Criminal*, Plea, Sentence. *Judge. Due Process of Law*, Plea. *Constitutional Law*, Plea. *Evidence*, Prior misconduct, Prior conviction, Impeachment of credibility.

On April 9, 1987, the defendant was indicted for possession of burglarious instruments, assault with intent to rape, assault and battery by means of a dangerous weapon, and breaking and entering of a dwelling in the nighttime and arming himself and making an armed assault therein. On December 17, 1987, the defendant offered to plead guilty to all four indictments.

The trial judge conducted a hearing pursuant to Mass.R.Crim.P. 12(c)(5), 378 Mass. 869 (1979). In the course of explaining to the defendant the consequences of his plea, the judge requested the defendant's "blue sheets" or criminal record.[1] See *Commonwealth v. Tirrell*, 382 Mass. 502, 510 (1981) (the defendant must consider his prior record when weighing his decision to plead or go to trial). The record indicated that Kelleher had been convicted of rape, armed robbery and armed burglary in 1972. The judge observed that Kelleher's earlier convictions involved incidents that were "very similar" to the case at bar. See the appellate decision on those cases, *Commonwealth v. Kelleher*, 395 Mass. 821 (1985). Following a lobby conference, the judge indicated that he would not accept the defendant's pleas and that the matter would be tried.[2] A jury convicted the defendant of all four offenses.

The acceptance of a guilty plea is within the discretion of the trial judge. *Commonwealth v. Dilone*, 385 Mass. 281, 285 (1982). *Commonwealth v. Lawrence*, 404 Mass. 378, 389 (1989). There was no abuse of discretion in rejecting the pleas.

1. *Plea negotiations*. Judicial participation in plea negotiations should be avoided. *Commonwealth v. Damiano*, 14 Mass. App. Ct. 615, 622 n.13 (1982). "That is not to say, however, that a judge's involvement in the plea bargaining process is a per se violation of a defendant's rights." *Id.* at 618. In the instant case, contrary to defense counsel's assertions, the record does not indicate that the judge participated in the plea negotiations. Contrast *id.* at 617, where the judge's conduct was intrusive, but no error was found.[3] The defendant indicated that he wished to change his plea. Be-

---

[1]The judge implicitly is authorized under Mass.R.Crim.P. 12 (e), 378 Mass. 870 (1979), to examine the presentence report at the time of the tender of a plea. See *Commonwealth v. Whitford*, 16 Mass. App. Ct. 448, 453 (1983).

[2]"[I]f the judge refuses to accept a plea of guilty . . . , a plea of not guilty shall be entered." Mass.R.Crim.P. 12(a)(1), 378 Mass. 866 (1979).

[3]In the *Damiano* case, as here, the trial judge reiterated his intention not to exceed the prosecutor's recommendation, but there, unlike here, the judge advised defense counsel that he would consider favorably the defendant's "cooperation" when imposing sentence. 14 Mass. App. Ct. at 620.

cause there was an agreement under Mass.R.Crim.P. 12(b)(1), the judge properly was informed of the existence of and the substance of that agreement at the outset of the hearing. See Mass.R.Crim.P. 12(b)(2) & (c)(1), 378 Mass. 867-868 (1979). See also *Commonwealth* v. *Johnson*, 11 Mass. App. Ct. 835, 841 (1981). The judge then proceeded with the hearing.

While the judge was aware of the terms of the agreement, "[t]here is no basis to conclude that the bare fact of the communication to the judge of the sentencing alternatives discussed by counsel could have had a coercive effect." *Commonwealth* v. *Damiano*, 14 Mass. App. Ct. at 619-620. It is true that the judge did indicate to defense counsel that he would not exceed the Commonwealth's recommendation; however, until the plea was accepted,[4] that communication was "merely informational" and did not indicate that the judge had committed himself in advance to a particular sentence. See *id.* at 620.

2. *Contractual agreement.* Taking a slightly different approach with respect to his offer to plead guilty, the defendant asserts that the judge entered into a contractual relationship with him and thus must specifically perform pursuant to that contract. This argument completely misses the point. "[P]lea bargaining is often analogized to a contractual negotiation." *Commonwealth* v. *Tirrell*, 382 Mass. at 512. However, no contract could have been made in the instant circumstances because, as already indicated, the judge did not participate in the plea bargaining process. Specific performance would not be mandated, in any event, where no guilty plea has been entered and the defendant's position has not been adversely affected. Cf. *Commonwealth* v. *Smith*, 384 Mass. 519, 522 (1981); *Blaikie* v. *District Attorney for the Suffolk Dist.*, 375 Mass. 613, 618 (1978) (both cases involved claims for specific performance of a prosecutor's agreement).

We conclude accordingly that no contract was entered into between the trial judge and the defendant.[5]

---

[4]The trial judge did inform the victim that the Commonwealth had recommended sentences of ten to fifteen years on two of the charges, but that if she did not object he intended to accept the plea and impose a ten to twelve year sentence. See Mass.R.Crim.P. 12 (c)(2), as amended, 399 Mass. 1215 (1987). The judge, at that point, had not and properly could not have accepted the defendant's plea because the judge had yet to determine whether Kelleher had voluntarily changed his plea (and likewise voluntarily waived his right to trial) and whether factual bases existed for the charges as is required by Mass.R.Crim.P. 12(a)(2) & 12(c)(5)(A), 378 Mass. 866, 869 (1979). See *Commonwealth* v. *Foster*, 368 Mass. 100, 102-103 (1975); *Commonwealth* v. *Dilone*, 385 Mass. at 284-285; *Commonwealth* v. *DelVerde*, 398 Mass. 288, 292-293, 296-298 (1986). See also Mass.R.Crim.P. 12(c)(5)(B).

[5]We doubt, however, that a judge, as opposed to a prosecutor, could ever be held to a contract to accept a particular plea offer. A judge would have

3. *Constitutional claim.* The defendant has no constitutional right to have his guilty plea accepted. See *Santobello* v. *New York*, 404 U.S. 257, 262 (1971); *Commonwealth* v. *Dilone*, 385 Mass. at 285. See also *Commonwealth* v. *DelVerde*, 398 Mass. at 298. The defendant argues that the judge is bound to accept the recommendation to the same extent the prosecutor is bound to honor the promises he made during plea negotiations. The defendant's argument is off the mark. "[T]his is not a situation where the prosecutor reneged on his promises." *Commonwealth* v. *Whitford*, 16 Mass. App. Ct. 448, 451 (1983). The judge made no promises to the defendant prior to the hearing and in the exercise of sound judicial discretion rejected the defendant's guilty plea. See *Commonwealth* v. *Watson*, 393 Mass. 297, 301 (1984).

4. *Evidence of prior bad conduct.* The defendant claims that the judge committed reversible error in allowing the prosecutor, over objection, to elicit testimony from Kelleher that he had lied on a job application. The prosecution may not introduce evidence of prior misconduct on the part of a defendant to show his bad character or propensity to commit the crime charged. See *Commonwealth* v. *Trapp*, 396 Mass. 202, 206 (1985), and cases cited. "The rule is 'settled in this Commonwealth that in the introduction of evidence affecting generally the credibility of a witness, the inquiry is limited to his [or her] reputation for truth and veracity.'" *Commonwealth* v. *Cancel*, 394 Mass. 567, 572 (1985), quoting from *Eastman* v. *Boston Elevated Ry.*, 200 Mass. 412, 413 (1909).

The prosecutor made only a brief reference to Kelleher's job application during cross-examination and did not mention it again. Contrast *Commonwealth* v. *Triplett*, 398 Mass. 561, 562-563 (1986), where the prosecution during direct examination of witnesses and during closing argument referred explicitly to irrelevant incidents of violence between the defendant and his mother and a violent episode at his job. Here, the single reference to Kelleher's misrepresentation, while better left unsaid, did not constitute the sole impeachment evidence. The prosecution impeached Kelleher with a conviction for armed robbery. See and compare *Commonwealth* v. *Cancel*, 394 Mass. at 573.

The trial did not involve a "duel of credibility." *Commonwealth* v. *Clark*, 23 Mass. App. Ct. 375, 378 (1987), quoting from *Commonwealth* v. *Ferreira*, 373 Mass. 116, 127 (1977). The Commonwealth's case did not substantially rely on Kelleher's lack of credibility for its proof.[6] Contrast *Commonwealth* v. *Clark*, 23 Mass. App. Ct. at 381; *Commonwealth* v.

---

discretion to change his or her mind until the plea was accepted. The defendant is protected against such a change of mind in that he retains his right to plead or go to trial. See Mass.R.Crim.P. 12(c)(2).

[6]In addition, the trial judge gave limiting instructions to the jury on their use of Kelleher's past convictions for impeachment purposes. See *Commonwealth* v. *Drew*, 397 Mass. 65, 83 (1986).

*Ford*, 397 Mass. 298, 302 (1986). There was overwhelmingly persuasive evidence presented at trial linking Kelleher to the crime. The victim's identification of Kelleher, the identification of his clothing, Kelleher's possession of a master key, and his behavior following the incident, all tended to demonstrate that Kelleher's credibility was not the determinative factor on which the jury's finding was based. The prosecutor's brief reference to Kelleher's admission that he lied on his job application did not create a substantial risk of a miscarriage of justice.

*Judgments affirmed.*

*Patricia A. O'Neill*, Committee for Public Counsel Services, for the defendant.

*Sharon B. Soffer*, Assistant District Attorney, for the Commonwealth.